

# In the Court of Criminal Appeals of Texas

No. WR-15,305-03

EX PARTE MARK TWAIN SIMPSON,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W13-56596-K(A) in the Criminal District Court No. 4
From Dallas County

YEARY, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

Applicant was convicted in 2014 of Robbery and sentenced to 25 years' imprisonment. Applicant filed a motion for new trial, and the trial court granted him a new punishment trial, but the Dallas Court of Appeals reversed, reinstating his original sentence. *State v. Simpson*, No. 05-14-00618-CR (Tex. App.—Dallas Apr. 20, 2015) (mem. op., not

designated for publication). This Court granted discretionary review, and in 2016, this Court affirmed the judgment of the Dallas Court of Appeals. *State v. Simpson*, 488 S.W.3d 318 (Tex. Crim. App. 2016).

In April of 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his trial counsel was constitutionally ineffective and that his sentence is illegal.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. The appellate mandate for Applicant's conviction issued in 2016, but this writ application was not filed until 6 years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay. At least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*,

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                     August 24, 2022
**DO NOT PUBLISH**